**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| WESLEY ELISHA GRISSOM,<br>ADC #110265 | PLAINTIFF |
| V.  5:13CV00024 KGB/JTR | |
| LATRICIA WHITE, Kitchen Supervisor,<br>Delta Regional Unit, et al. | DEFENDANTS |

**ORDER**

Plaintiff has filed this *pro se* § 1983 action alleging, among other things, that: (1) Defendant White used excessive force against him on March 13, 2012; and (2) Defendants Howell and Gibson knew that Defendant White had a pattern of engaging in excessive force, but failed to take corrective action. *Docs. 2 & 38.* Plaintiff has recently filed two nondispositive Motions, which the Court will address separately.

**I.  Plaintiff's Motion for Issuance of a Subpoena Duces Tecum**

On November 15, 2013, Plaintiff filed a Motion asking the Court to issue a subpoena directing Defendants to produce several documents. *Doc. 64.* A subpoena duces tecum is issued to individuals who are *not* parties to a case. *See* Fed. R. Civ. P. 45. Plaintiff should have sought documents from Defendants by mailing them requests for production of documents. *See* Fed. R. Civ. P. 34. Additionally, Plaintiff filed his Motion four days *after* the November 11, 2013 discovery deadline expired.

*Doc. 58.* Thus, his Motion for Issuance of a Subpoena Duces Tecum is denied because it was improper and untimely filed.

## II. Plaintiff's Motion to Compel

Plaintiff has filed a Motion and several supporting documents asking the Court to compel Defendants White, Howell, and Gibson ("ADC Defendants") to provide additional documents in response to two of his March 4, 2013 Requests for Production of Documents. *Docs. 60, 61, 62, & 63.* The ADC Defendants have filed a Response. *Doc. 65.*

### A.  Request for Production 1

Plaintiff asked the ADC Defendants to produce:

> Any and all grievances, complaints, or other documents received by prison staff Defendant Howell, Gibson, or their agents at the Delta Regional Unit concerning the mistreatment of inmates by Defendant White and any memorandum, investigative files, or other documents created in response to such complaints, *since* March 13, 2012.

*Doc. 63, Ex. B at 1* (emphasis added). The ADC Defendants objected to that request because: (1) it sought irrelevant information; and (2) providing responsive documents to Plaintiff would create *unspecified* security risks. *Id.*

To prevail on his corrective inaction claim, Plaintiff must prove that Defendants Howell and Gibson were aware that Defendant White used excessive force, *before* March 13, 2013, but failed to take proper corrective action. *See Parrish v. Ball,* 594

F.3d 993, 1001 (8th Cir. 2010); *Lenz v. Wade,* 490 F.3d 991, 995-996 (8th Cir. 2007). Plaintiff is entitled to obtain documents relevant to that claim. However, his discovery request is improper to the extent that it seeks information about events that may have taken place *after* March 13, 2012. Thus, the Court will limit this discovery request to three years *before* the March 13, 2012 use of force against Plaintiff.

The ADC Defendants must file, *under seal and for the Court's inspection,* a Supplemental Response to the Motion to Compel that: (1) contains any grievances – *that were found to have merit* – alleging that Defendant White used excessive force against a prisoner from March 13, 2009 to March 13, 2012; (2) includes any related internal investigation documents; (3) explains the specific security concerns that prevent them from producing *each* of those grievances and documents to Plaintiff; and (4) clarifies whether redaction will alleviate those specific security concerns. [1]

**B.     Request for Production 6**

Plaintiff asked Defendants to produce: "Any logs, lists, or other documentation reflecting grievances by Delta Regional inmates from March 12, 2012, to the date of your response." *Doc. 63, Ex. B at 2.* The Court has already made its ruling about grievances alleging that Defendant White used excessive force. Grievances that prisoners may have filed against Defendant White about other matters are irrelevant

---

[1] In the alternative, the ADC Defendants may file an *unsealed* Supplemental Response explaining that no such documents exist.

to this lawsuit. Thus, the Motion to Compel as to Request for Production 6 is denied

## III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for an Issuance of a Subpoena Duces Tecum (Doc. 64) is DENIED.

2. Plaintiff's Motion to Compel (Doc. 60) is DENIED, IN PART.

3. The ADC Defendants must file, **within fourteen days of the entry of this Order**, a Supplemental Response that complies with the instructions herein.

Dated this 24th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE