**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WESLEY ELISHA GRISSOM,**
**ADC #110265**                                                                                    **PLAINTIFF**

**v.**                                          **5:13CV00024 KGB/JTR**

**LATRICIA WHITE, Kitchen Supervisor,**
**Delta Regional Unit, ADC**                                                        **DEFENDANT**

<u>**ORDER**</u>

  The Court conducted a pretrial hearing in this matter on September 28, 2015. Counsel for plaintiff Wesley Elisha Grissom and counsel for defendant Latricia White were present. The Court heard argument from counsel on Mr. Grissom's motion *in limine* (Dkt. No. 123) and Ms. White's motion *in limine* (Dkt. No. 134). The Court was prepared to hear argument from counsel on Mr. Grissom's and Ms. White's objections to pretrial disclosures (Dkt. Nos. 120, 121), but counsel agreed that additional argument on these objections was unnecessary.

  The Court rules as follows. As to those matters about which the Court grants an *in limine* motion, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case. Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

## I.     Mr. Grissom's Motion *In Limine*

Mr. Grissom filed a motion *in limine*, which this Court grants in part and denies in part as follows (Dkt. No. 123). The Court refers to the matters that are the subject of his motion *in limine* in the order and manner in which Mr. Grissom refers to them.

### (1)     Mr. Grissom's Convictions

Mr. Grissom moves *in limine* to preclude all evidence and reference to the nature of the conviction for which Mr. Grissom was incarcerated. Mr. Grissom contends that the nature of the conviction is not relevant under Federal Rule of Evidence 401 and should be excluded under Federal Rule of Evidence 402. Mr. Grissom also argues that the probative value of such evidence, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury and, therefore, should be excluded under Federal Rule of Evidence 403.

Federal Rule of Evidence 609 governs impeachment by evidence of a criminal conviction. Rule 609 provides in pertinent part that, when attacking a witness's character for truthfulness by evidence of a criminal conviction that was punishable by imprisonment for more than one year, the evidence must be admitted in a civil case, subject to the Rule 403 analysis. Fed. R. Evid. 609(a). If more than 10 years have passed since the witness's conviction or release from confinement for the conviction, whichever is later, then the evidence of conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect and if the proponent gives the adverse party reasonable written notice of intent to use it so that they party has a fair opportunity to contest its use. Fed. R. Evid. 609(b).

In this case, counsel represents to the Court that Mr. Grissom was convicted of burglary and a drug charge in 1997. Mr. Grissom was released in or about 2001. Then, in 2008, Mr. Grissom was

convicted of rape and incarcerated for that conviction, as well as for a violation of his probation for the 1997 conviction.  There may be additional convictions, as counsel made reference to the habitual offender provision.  No other specific convictions were raised at the pretrial hearing.  The parties have produced no documents regarding these matters for the Court's review.  The parties represent that Mr. Grissom currently is serving a 55 year sentence in the Arkansas Department of Correction.

The Court grants Mr. Grissom's motion as to the 1997 conviction.  This conviction, and Mr. Grissom's release from confinement for the conviction, are over 10 years old, and the Court determines the probative value of this evidence is substantially outweighed by its prejudicial effect.

The Court grants in part and denies in part Mr. Grissom's motion as to the 2008 conviction. Based on representations from counsel, the Court understands that the rape victim was a minor.  The Court will permit Ms. White to inquire as to the rape conviction as the basis for Mr. Grissom's current incarceration under the terms of Rule 609, but based on a determination under Rule 403, the Court restricts Ms. White, her counsel, and her witnesses from making any mention through interrogation, *voir dire* examination, opening statement, arguments or otherwise, either directly or indirectly, about the specific circumstances of this rape conviction, including but not limited to the age of the victim, that the victim was a minor, or the alleged relationship between Mr. Grissom and the victim.

The Court acknowledges that Rule 609 addresses impeachment.  Ms. White reserves the right to impeach Mr. Grissom's testimony regarding his past convictions, if necessary and depending on his direct testimony at trial.  If counsel believes any such evidence of Mr. Grissom's past convictions, aside from the 2008 rape conviction, becomes relevant for some purpose at trial,

including but not limited to impeachment of Mr. Grissom, counsel must approach the bench before referring to, introducing, or eliciting such evidence or testimony.

### (2)    Mr. Grissom's Disciplinary Actions

Mr. Grissom moves *in limine* to preclude all evidence or reference to disciplinary actions taken against Mr. Grissom by the Arkansas Department of Correction, other than the Major Disciplinary regarding Mr. Grissom written by Ms. White in March 2012.  The Court understands that Mr. Grissom and Ms. White are in agreement that, aside from the March 2012, Major Disciplinary, neither party will seek to introduce evidence affirmatively or to make reference or suggestion to other disciplinary actions taken against Mr. Grissom by the Arkansas Department of Correction.  Ms. White reserves the right to impeach Mr. Grissom's testimony regarding his history of disciplinary actions, if necessary.  If counsel believes any such evidence of Mr. Grissom's disciplinary actions, aside from the March 2012 Major Disciplinary, becomes relevant for some purpose at trial, including but not limited to impeachment of Mr. Grissom, counsel must approach the bench before referring to, introducing, or eliciting such evidence or testimony.

### (3)    Mr. Grissom's Medical Records

Mr. Grissom moves *in limine* to preclude all evidence or reference to his medical records dated prior to March 11, 2012, or after August 31, 2012.  Mr. Grissom contends that medical records that are not a result of the incident complained of in this case are not relevant under Rule 401 and should be excluded under Rule 402.  Mr. Grissom also contends that the probative value of such evidence, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury and, therefore, should be excluded under Rule 403.

The Court understands that the parties agree that Mr. Grissom's medical records dated from March 11, 2012, to August 31, 2012, are not subject to this objection or motion *in limine*. In response to this motion, Ms. White does not identify with specificity any particular medical record she may seek to introduce. Therefore, to the extent any party seeks to introduce evidence affirmatively or to make reference or suggestion to other medical records of Mr. Grissom outside of the date range March 11, 2012, to August 31, 2012, counsel must approach the bench before referring to, introducing, or eliciting such evidence or testimony. The Court will make a determination based on the specific medical record at issue.

### (4)    The Words "Maliciously," "Sadistically," Or "Reckless"

Mr. Grissom moves *in limine* to preclude any statement, questions, or suggestions regarding the words "maliciously," "sadistically," or "reckless" or derivations of those words. Mr. Grissom contends that these words suggest a need to prove that Ms. White acted with a certain state of mind with respect to the alleged excessive force at issue. Mr. Grissom takes the position that the United States Supreme Court in *Kingsley v. Hendrickson, et al.*, 576 U.S. __ (2015) (June 22, 2015), determined that "the Defendant's state of mind is not a matter that the Plaintiff is required to prove." (Dkt. No. 123, at 2).

The Court does not read the holding of *Kingsley* so broadly as to require this Court's outright preclusion of the use of these words at trial on a claim for alleged excessive force. Therefore, the Court denies the motion *in limine*. However, the Court cautions that overuse of these words or the use of these words in such a manner so as to usurp the Court's function in instructing the jury on the law or to confuse the legal standard by which the jury will be instructed to assess the facts presented may give rise to an objection under Rule 403 or any other appropriate rule of the Federal Rules of

Evidence. The Court reserves ruling on such contemporaneous objections until the time they are made.

### (5)    Previous Litigation

Mr. Grissom moves *in limine* to preclude any statement, questions, or suggestions that Mr. Grissom may have been a party to any previous litigation, if in fact he has. Counsel for Ms. White agreed during the pretrial hearing that neither she, Ms. White, nor witnesses for Ms. White would make any mention of, make any reference to, or put on any evidence regarding this. Therefore, the Court grants this motion *in limine*. If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence or testimony.

### (6)    Dismissal Of Other Parties

Mr. Grissom moves *in limine* to preclude any statement, questions, or suggestions regarding the dismissal of other parties initially named in this lawsuit. Counsel for Ms. White agreed during the pretrial hearing that neither she, Ms. White, nor witnesses for Ms. White would make any mention of, make any reference to, or put on any evidence regarding this. Therefore, the Court grants this motion *in limine*. If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence or testimony.

### (7)    The Words "Guilty" Or "Innocent"

Mr. Grissom moves *in limine* to preclude any statement, questions, or suggestions regarding the words "guilty" or "innocent" as Mr. Grissom contends these words denote verdicts in criminal proceedings and are not applicable in this civil case. Counsel for Ms. White agreed during the

6

pretrial hearing that neither she, Ms. White, nor witnesses for Ms. White would make any mention of, make any reference to, or put on any evidence regarding this.  Therefore, the Court grants this motion *in limine*.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence or testimony.

### (8)      The Phrase "That Defendant Would Pay A 'Just' Claim"

Mr. Grissom moves *in limine* to preclude any statement, questions, or suggestions that Ms. White would pay a "just" claim.  Counsel for Ms. White agreed during the pretrial hearing that neither she, Ms. White, nor witnesses for Ms. White would make any mention of, make any reference to, or put on any evidence regarding this.  Therefore, the Court grants this motion *in limine*. If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence or testimony.

### (9)      Equating Verdict To Conviction

Mr. Grissom moves *in limine* to preclude any statement, questions, or suggestion designed to suggest, directly or indirectly, that a verdict for Mr. Grissom in any amount would be tantamount to a "conviction" of Ms. White.  Counsel for Ms. White agreed during the pretrial hearing that neither she, Ms. White, nor witnesses for Ms. White would make any mention of, make any reference to, or put on any evidence regarding this.  Therefore, the Court grants this motion *in limine*. If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence or testimony.

### (10)      Exhibits And Demonstratives To Be Used In *Voir Dire* Or Opening

Mr. Grissom moves *in limine* requesting that his counsel be advised as to what documents, models, exhibits, diagrams, and the like might be referred to in *voir dire* or opening statement by counsel for Ms. White so that proper preliminary objections can be made before these items are brought to the attention of the jury.  At the pretrial hearing, the Court advised counsel of its policy that counsel should stipulate to all exhibits about which there is no dispute and which exhibits can be used during opening statements.  If the parties are unable to agree on exhibits to be used during opening statements, counsel should advise the Court and seek a ruling on the objection before the exhibit is used or referred to in *voir dire* or opening statement.

### (11)    Effect Of Verdict On Prison System

Mr. Grissom moves *in limine* to preclude any statement, questions, or suggestions that a verdict for Mr. Grissom would tend to have a damaging effect on the prison system's efficiency and effectiveness.  Counsel for Ms. White agreed during the pretrial hearing that neither she, Ms. White, nor witnesses for Ms. White would make any mention of, make any reference to, or put on any evidence regarding this.  Therefore, the Court grants this motion *in limine*.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

### (12)    Payment Of Judgment

Mr. Grissom moves *in limine* to preclude any statement, questions, or suggestions that, if a verdict is returned against Ms. White, Ms. White will have to pay a judgment out of her own pocket. Counsel for Ms. White agreed during the pretrial hearing that neither she, Ms. White, nor witnesses for Ms. White would make any mention of, make any reference to, or put on any evidence regarding this.  Therefore, the Court grants this motion *in limine*.  If counsel believes any such evidence

becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence or testimony. As the Court explained at the pretrial hearing, the Court recognizes that Ms. White is sued in her individual capacity, and counsel may make reference to that fact. To the extent counsel believes it is relevant to question about, refer to, or suggest that Ms. White will pay a judgment out of her own pocket, counsel should approach the bench first to obtain a ruling on this matter.

### (13)   Nonverbal Communication

Mr. Grissom moves *in limine* to preclude any statement, questions, or suggestions through nonverbal communication to the jury, such as Ms. White's partners, family, or counsel displaying open expressions of sympathy for Ms. White in front of the jury or during recess, nodding heads in agreement while testimony favorable to Ms. White is being elicited, and the like. Counsel for Ms. White agreed during the pretrial hearing that neither she, Ms. White, nor witnesses for Ms. White would make any mention of, make any reference to, or put on any evidence regarding this. Therefore, the Court grants this motion *in limine*.

### II.   Ms. White's Motion *In Limine*

Ms. White filed a motion *in limine*, which this Court grants in part and denies in part as follows (Dkt. No. 134). The Court refers to the matters that are the subject of her motion *in limine* in the order and manner in which Ms. White refers to them.

### (A)   Evidence Of Internal Affairs Investigation And Documentation

Ms. White moves *in limine* to preclude any statement, questions, or suggestions relating to the Arkansas Department of Correction investigation and subsequent internal affairs documentation following the complaint made by Mr. Grissom regarding the March 2012, incident. Based upon

counsels' statements at the pretrial hearing, the Court understands that counsel have reached agreement regarding much of the evidence implicated by this motion *in limine* and that the parties seek the Court's ruling on three matters.

First, Mr. Grissom intends to inquire of James Gibson, Arkansas Department of Correction Deputy Warden, who investigated this incident, about his investigation and the results of that investigation. The Court determines that this line of inquiry is relevant to Mr. Grissom's Eighth Amendment and battery claims and to the anticipated defenses Ms. White may raise to those claims. Therefore, the Court will not preclude this line of questioning under Rules 401 or 402 of the Federal Rules of Evidence. Further, the Court does not find that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Therefore, the Court determines that this line of inquiry will not be precluded under Federal Rule of Evidence 403. The Court will permit questions to be posed to Mr. Gibson regarding his investigation of this incident. The Court does not foreclose Ms. White from raising contemporaneous objections to these questions during trial; the Court will rule on contemporaneous objections as they are made.

Second, the Court has been presented with the April 4, 2014, report prepared by Mr. Gibson and given to Ms. White. Ms. White objects under Federal Rules of Evidence 801 and 802 to the admissibility of this report as being hearsay and containing hearsay within hearsay. Ms. White also objects pursuant to Rules 401, 402, and 403. As for the hearsay objection, Ms. White in her briefing cites to authority that indicates the factual findings of such a report likely qualify as a Rule 803(8) public record exception to hearsay. *See Cochran v. Farver*, Case No. 5:11cv00036 BSM-BD, 2012 WL 5354961 (June 19, 2012,) *adopted in part, rejected in part on other grounds by Cochran v.*

10

*Farver,* 2012 WL 5354992 (Oct. 29, 2012).  *See also Jessup v. Miami-Dade County*, 697 F.Supp.2d

1312 (S.D. Fla. 2010).  Based on a review of the matters presented to it for review, the Court does

not find this record inherently unreliable based on the underlying witness statements or the content

of the record itself, despite Ms. White's arguments to the contrary.  The Court agrees that the witness

statements and summaries of witness statements, as well as certain other portions of the document

presented to the Court for review, are hearsay for which Mr. Grissom cites no exception.  Those

portions are not admissible.  For the same reasons the Court will permit Mr. Gibson to be questioned

on these matters, the Court will permit inquiry about this document to the extent it is admissible.

The Court overrules Ms. White's 801, 802, 401, 402, and 403 objections.  The Court will rule on any

objections made to this document, including but not limited to the scope and extent of necessary

redaction, at the time it is introduced or based upon a subsequent request by counsel.

Third, the Court has been presented with the April 4, 2012, report prepared by Mr. Gibson

and given to Kay Howell, the Arkansas Department of Correction Warden.  This report contains

substantially the same information as the April 4, 2012, report prepared by Mr. Gibson and given

to Ms. White.  The Court rules consistently in regard to this report.  Authority indicates the factual

findings of such a report likely qualify as Rule 803(8) public record exceptions to hearsay.  Based

on a review of the matters presented to it for review, the Court does not find this record inherently

unreliable based on the underlying witness statements or the content of the record itself, despite Ms.

White's arguments to the contrary.  The witness statements and summaries of witness statements,

as well as certain other portions of the document presented to the Court for review, are hearsay for

which Mr. Grissom cites no exception.  Those portions are not admissible.  For the same reasons the

Court will permit Mr. Gibson to be questioned on these matters, the Court will permit inquiry about

this document to the extent it is admissible.  The Court overrules Ms. White's 801, 802, 401, 402, and 403 objections.  The Court will rule on any objections made to this document, including but not limited to the scope and extent of necessary redaction, at the time it is introduced or based upon a subsequent request by counsel.

### (B)  Evidence Of "Other" Use Of Force Incidents, Reports, Or Internal Affairs Investigations

Ms. White moves *in limine* to preclude any statements, questions, or suggestions about any other use of force incidents, reports, or internal affairs investigations, aside from the one arising from the incident involving Mr. Grissom on March 13, 2012.  Counsel for Mr. Grissom agreed during the pretrial hearing that neither she, Mr. Grissom, nor witnesses for Mr. Grissom would make any mention of, make any reference to, or put on any evidence regarding this.  Therefore, the Court grants this motion *in limine*.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

### (C)  Evidence of "Other" Lawsuits Against Ms. White

Ms. White moves *in limine* to preclude any statement, questions, or suggestions about other lawsuits against Ms. White, if any.  Counsel for Mr. Grissom agreed during the pretrial hearing that neither she, Mr. Grissom, nor witnesses for Mr. Grissom would make any mention of, make any reference to, or put on any evidence regarding this.  Therefore, the Court grants this motion *in limine*.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

### (D)  Evidence of Disciplinary Actions Against Ms. White Resulting From The March 13, 2012, Incident

Ms. White moves *in limine* to preclude any statement, questions, or suggestions regarding any disciplinary action taken against her following the March 13, 2012, incident.  Based upon counsels' statements at the pretrial hearing, the Court understands that Mr. Grissom does not intend to make any statement, pose any questions, or raise any suggestions about Ms. White's resignation. To the extent this motion is directed at the investigation and the results of the investigation conducted by Mr. Gibson into these events, the Court denies this motion for the same reasons the Court will permit Mr. Gibson to be questioned on these matters.

### (E)  Evidence Of "Other" Disciplinary Action Against Ms. White

Ms. White moves *in limine* to preclude any statement, questions, or suggestions about disciplinary actions taken against Ms. White during her employment with the Arkansas Department of Correction, aside from disciplinary action arising from the incident involving Mr. Grissom on March 13, 2012.  Counsel for Mr. Grissom agreed during the pretrial hearing that neither she, Mr. Grissom, nor witnesses for Mr. Grissom would make any mention of, make any reference to, or put on any evidence regarding this.  Therefore, the Court grants this motion *in limine*.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

### (F)  Evidence of Ms. White's Employee Performance Reviews

Ms. White moves *in limine* to preclude any statement, questions, or suggestions about Ms. White's employee performance reviews.  Counsel for Mr. Grissom agreed during the pretrial hearing that neither she, Mr. Grissom, nor witnesses for Mr. Grissom would make any mention of, make any reference to, or put on any evidence regarding this.  Therefore, the Court grants this motion *in limine*.

If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

### (G)  Evidence of Policies For Use Of Force, Corporal Punishment, Health Service, Medical Co-Pays, And Grievances

Ms. White takes the position that none of the Arkansas Department of Correction policies listed by Mr. Grissom as potential exhibits are relevant under Rule 401 and, therefore, should be excluded under Rule 402 of the Federal Rules of Evidence.  Further, Ms. White also argues that the probative value of such evidence, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury and, therefore, should be excluded under Federal Rule of Evidence 403.   The Court denies the motion.   The Court will rule on contemporaneous objections to the Arkansas Department of Correction policies at the time they are introduced as exhibits, should such objections be made.  The Court declines to enter a blanket *in limine* order prohibiting the introduction or admission of all such policies prior to the trial of this matter.  The Court reserves ruling on this issue until the time of trial and prohibits counsel from mentioning these policies during opening statements.  This Court's ruling does not foreclose any party from introducing the policies as exhibits at trial or from objecting to the introduction of these exhibits at trial.  The Court will hold its ruling until it receives additional testimony and evidence.

### (H)  Evidence And Testimony From Certain Witnesses

Ms. White moves *in limine* to preclude testimony from witnesses Dexter Webb, Captain Sandra Beatty, Margaret Rogers, and Ray Howell who Mr. Grissom identified as potential witnesses in his pretrial disclosures.  The Court understands that counsel for Mr. Grissom agreed with counsel

for Ms. White during the pretrial hearing regarding which of these potential witnesses might be called to testify.  Therefore, the Court denies as moot this motion *in limine*.

**(I)  Evidence And Testimony Regarding Alleged Comment**

Ms. White moves *in limine* to preclude any statement, questions, or suggestions regarding a statement purportedly made about Mr. Grissom's anatomy that he attributes to Ms. White.  The Court understands this alleged statement was made during the events about which Mr. Grissom complains in this lawsuit.  The Court will not permit any party, counsel, or witness to make any statement, ask a question, or suggest anything about the Title VII or sexual harassment claim Mr. Grissom attempted to bring against Ms. White that may have involved this alleged statement.  To the extent the alleged statement was made during the events about which Mr. Grissom complains in this lawsuit, the motion *in limine* is denied under Rules 401 and 402 of the Federal Rules of Evidence.  The Court has not been presented with the precise statement, so the Court is unable at this time to make a determination on the objection raised under Rule 403.  The Court will make this determination on Monday, October 5, 2015, prior to beginning *voir dire*.

**III.  Objections To Pretrial Disclosures**

Mr. Grissom and Ms. White filed pretrial disclosures in this matter (Dkt. Nos. 120, 121).  They also filed objections to pretrial disclosures (Dkt. Nos. 125, 135).  When questioned at the pretrial conference, counsel agreed that all issues raised in their objections to pretrial disclosures were addressed and would be ruled on by the Court when the Court ruled on the pending motions *in limine*.  The Court reviewed the parties' objections and writes to address two points.

First, in regard to Ms. White's objections as to Mr. Grissom's effort to limit Ms. White's ability to discuss what Ms. White characterizes as Mr. Grissom's "pre-existing medical conditions

and the full range of medical treatment" Mr. Grissom has received for his legs during incarceration, the Court reserves ruling on this issue. The Court has not been presented with the nature of Mr. Grissom's alleged pre-existing medical condition nor has the Court been presented with specific medical records or evidence about which Ms. White seeks to inquire. Therefore, the Court reserves ruling on this issue and this line of questioning.

In regard to Mr. Grissom's objections, Mr. Grissom objects to the use of any documents contained in Mr. Grissom's institutional jacket or medical jacket, with the exception of certain identified documents. The Court understands that neither Mr. Grissom's institutional jacket nor medical jacket were not produced in discovery in this case but will be in the courtroom during trial. The Court will rule on specific objections to documents in Mr. Grissom's institutional jacket and medical jacket at the time those objections are raised.

### IV. Other Matters

Since the pretrial conference, counsel have raised through informal communication with the Court several other issues.

### (A) X-Rays And Testimony Regarding X-Ray Findings

Mr. Grissom has requested that the Court allow him to use X-Rays and to seek testimony regarding these X-Rays from Dr. Fort, the radiologist. Ms. White objects to both the X-Rays and X-Ray testimony and takes the position that any testimony regarding the report and findings of Dr. Fort would constitute hearsay under Federal Rules of Evidence 801, 802, and 803 and would be unduly prejudicial under Federal Rule of Evidence 403. Mr. Grissom asserts that both the testimony and report fall under the Rule 803(4) exception to the hearsay rule. The Court reserves ruling on this issue until the time of trial and prohibits counsel from mentioning the X-Rays during opening

16

statements.  This Court's ruling does not foreclose any party from introducing the exhibits at trial or from objecting to the introduction of the exhibits at trial.  The Court will hold its ruling until it receives additional testimony and evidence.

**(B)  Medical Care Grievance**

Mr. Grissom seeks to introduce a Medical Care Grievance, dated March 27, 2012, as an exhibit.  Mr. Grissom has provided a redacted version of this grievance to the Court and counsel for Ms. White.  As the Court understands Mr. Grissom's request, he wishes to use the redacted version of this exhibit in opening statement but anticipates an objection from Ms. White about the disclosure of the document as an exhibit.  Ms. White has made no objection to this proposed exhibit when asked by the Court to address the matter pretrial.  Thus, the Court rules that the redacted version of the Medical Care grievance is an exhibit that may be discussed in opening statement.  The Court will rule on contemporaneous objections to the Medical Care Grievance at the time the exhibit is introduced at trial, should any such objections be made.

SO ORDERED this 1st day of October, 2015.

_____
Kristine G. Baker
United States District Judge